# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Diamond Funding Investors, LLC,

          Plaintiff,      Case No. 23-11115

v.                          Judith E. Levy
                            United States District Judge

Michael Marano,

                            Mag. Judge Elizabeth A.
         Defendant.     Stafford

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [23]

Before the Court is Plaintiff Diamond Funding Investors, LLC's ("DFI") motion for a protective order. (ECF No. 23.) In this case, Plaintiff alleges that Defendant Michael Marano signed a Promissory Note in the original amount of $1,050,000.00 but ceased payments in March of 2023. (ECF No. 1-1, PageID.8–9.) Plaintiff seeks a protective order in response to several of Defendant's Interrogatories and Requests for Production:

> Interrogatory No. 5: Identify the bank account(s) where any payments made to DFI by Mr. Marano were deposited, and state whether the funds remain there today, and, if not, when, why and for what purpose the funds were moved.

Interrogatory No. 6: Identify (stating the name, address, email, title, and phone number) each and every current or former investor in DFI.

Interrogatory No. 7: Describe the date, dollar amount and circumstances surrounding any distributions from DFI to its members from 2015 to present, and for each and every distribution, identify (stating the name, address, email, title, and phone number) each and every recipient.

Interrogatory No. 14: Identify any bank accounts (name of financial institution, local branch address, and the name of the account holder) held by DFI or on DFI's behalf by any member or officer of DFI for any purpose relating to DFI's business or operations.

Request for Production 16: All documents and communications concerning the 2015 Lawsuit, anything alleged in the 2015 Lawsuit, settlement of the 2015 Lawsuit, Promissory Note, or Mr. Marano.

Request for Production 17: All documents and communications concerning any distributions and any other transfers of funds, assets or value from DFI to its members from 2015 to present.

Request for Production 18: All documents and communications concerning any loans made from DFI to any of its members from 2015 to the present.

Request for Production 19: All documents and communications concerning any loans made from any of DFI's members to DFI from 2015 to the present.

Request for Production 20: All documents and communications concerning SK-L-18, LLC's involvement and/or relationship with DFI.

Request for Production 21: All documents and communications concerning SK-L-22, LLC's involvement and/or relationship with DFI.

Request for Production 22: All documents and communications concerning any loans made from DFI to any family member, relative, or friend of any DFI member or to any business affiliated with any DFI member from 2015 to the present.

Request for Production 23: For each bank account maintained in the name of DFI, a copy of the monthly statement from 2015 to the present.

Request for Production 24: All documents and communications concerning any distributions and any other transfers of funds, assets or value from DFI to its members from 2015 to present.

(ECF No. 23, PageID.120; ECF No. 24-1, PageID.147–148, 151, 159–162.)

For the reasons set forth below, Plaintiff's motion is denied.

## I. Background

In August 2017, Defendant signed a promissory note agreeing to pay Plaintiff the principal amount of $1,050,000.00 with interest. (ECF No. 1-1, PageID.10.) The consideration for this Promissory Note was "a release of the Defendant's corporate entity" in a case that began in 2015 in Oakland County Circuit Court. (ECF No. 23, PageID.116; ECF No. 24, PageID.127.) Defendant began payments in August 2017, but ceased paying in March 2020. (ECF No. 1-1, PageID.10.)

In response, Plaintiff filed this case in Oakland County Circuit Court on March 22, 2023. (ECF No. 1, PageID.1.) Defendant filed a notice of removal on May 11, 2023. (*Id.*)

On March 4, 2024, in accordance with the Court's practice guidelines, the parties informed the Court that they were unable to resolve a discovery dispute, which involved Plaintiff's objections to Defendant's interrogatories and requests for production. Email from Mark Makoski, Counsel for Defendant, to William Barkholz, Case Manager to Judge Judith E. Levy (Mar. 4, 2024, 11:38 AM EST) (on file with the Court). The Court held a video status conference with the parties on March 6, 2024, and informed Plaintiff that it must either respond to Defendant's discovery requests or file a motion for a protective order on March 20, 2024. (ECF No. 21.) Plaintiff filed a motion for a protective order on March 20, 2024. (ECF No. 23.) Defendant filed a response on April 3, 2024 (ECF No. 24), and Plaintiff did not reply.

## II. Legal Standard

Protective orders are governed by Federal Rule of Civil Procedure 26(c)(1), which states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as

4

>an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . .

Fed. R. Civ. P. 26(c)(1). The Rule then provides a non-exhaustive list of options a court may choose when crafting a protective order.

"To show good cause for a protective order, the moving party is required to make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)).

Under Federal Rule 37(a)(5)(A), if a court grants a motion for a protective order, it must, after giving an opportunity to be heard, order payment of reasonable expenses incurred in making the motion to the prevailing party, unless an exception applies. *See* Fed. R. Civ. P. 37(a)(5)(A). If a motion for a protective order is denied, a court may order an award of attorney's fees and expenses, unless the motion was "substantially justified or other circumstances make an award of expense unjust." Fed. R. Civ. P. 37(a)(5)(B).

### III. Analysis

Plaintiff first objects to Interrogatory No. 5, which asks "for payments made by the Defendant to the Plaintiff under the Promissory Note." (ECF No. 23, PageID.119.) Interrogatory No. 5 states, "Identify the bank account(s) where any payments made to DFI by Mr. Marano were deposited, and state whether the funds remain there today, and, if not, when, why and for what purpose the funds were moved." (ECF No. 24-1, PageID.147.) Plaintiff objects to this interrogatory because "Defendant should already be in possession of all payment data regarding payments he has made" and "[i]t would be just as easy for the Defendant to search his own records for the dates of each payment, and the amounts." (ECF No. 23, PageID.119.)

To the extent that Defendant is requesting records of payments made by Defendant under the Promissory Note, it is not clear to the Court how responding to this request would harm Plaintiff. To obtain a protective order under Rule 26(c), Plaintiff must show good cause. "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *In re Roman Catholic Archbishop*, 661 F.3d 417, 424 (9th Cir. 2011)). "The enumerated harms available to support a

6

protective order are 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1)). Plaintiff has not demonstrated good cause. It has not described any kind of specific harm, besides a vague statement that Defendant is able to access this information without any effort from Plaintiff. Plaintiff has not cited any caselaw demonstrating that this reason is sufficient to show good cause.

Plaintiff also objects to Interrogatories 6, 7, and 14, and Requests for Production 16 to 24, stating that all of these discovery requests "ha[ve] nothing to do with the debt memorialized in the Promissory Note which, in fact, the Defendant began paying on for a period of approximately three (3) years." (ECF No. 23, PageID.119–120.) For Requests for Production 16 to 24, Plaintiff also argues that Defendant's claimed entitlement to this information is illegitimate and asks, "[h]ow could this be relevant or admissible, or lead to something admissible to be used by the Defendant?" (*Id.* at PageID.120.)

Defendant responds that this information is essential for his defense that the "Note is not enforceable based on defenses of misrepresentation, material omission, and unclean hands." (ECF No. 24, PageID.129.) Further, Defendant states that Plaintiff's "conclusory

7

statements" "fail[] to explain how it has met the high standard for entry of a protective order." (*Id.* at PageID.139.)

The Court agrees. Plaintiff's argument that it is entitled to a protective order lacks any showing of a "specific prejudice or harm." *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424. Instead, Plaintiff has only presented conclusory statements that the requested discovery has "nothing to do with the debt memorialized in the Promissory Note." (ECF No. 23, PageID.119–120.) Furthermore, Plaintiff did not file a reply in response to Defendant's argument that the requested discovery contains relevant information. Plaintiff has not provided sufficient information to the Court for a protective order to be justified.

Finally, the Court will not order payment of attorney's fees and costs to Defendant. *See* Fed. R. Civ. P. 37(a)(5)(B). The Court stated that Plaintiff may file this motion during the status conference held on March 6, 2024. Accordingly, Plaintiff was "substantially justified" in filing this motion, even though it did not prevail, and the Court will not order payment of attorney's fees and costs to Defendant. (*See* ECF No. 24,

8

PageID.140 (requesting "other relief, including additional costs and attorneys' fees incurred in responding to the Motion").)

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion for protective order. (ECF No. 23.)

IT IS SO ORDERED.

Dated: April 30, 2024      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2024.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager